ELIZABETH A. WOLFORD, United States District Judge *219 BACKGROUND
Plaintiff First Technology Capital, Inc. ("Plaintiff") commenced this action on February 5, 2015, against Airborne, Inc. d/b/a/ Firstflight ("Defendant"), for damages allegedly sustained when Defendant breached a contract to purchase an aircraft from Plaintiff. (Dkt. 1). Following the filing of the parties' competing motions seeking various forms of relief (Dkt. 30; Dkt. 39; Dkt. 47; Dkt. 57), the Court issued a Decision and Order on August 2, 2017, granting Defendant's motion for judgment on the pleadings and dismissing Plaintiff's Complaint based upon Defendant's perfect tender defense (Dkt. 71). On September 5, 2017, Plaintiff appealed the judgment entered against it. (Dkt. 73). On July 3, 2018, the Second Circuit issued a summary order vacating the judgment and remanding the case for this Court to consider Plaintiff's motion for contract reformation before addressing Defendant's perfect tender defense. (Dkt. 74).
On December 5, 2018, Plaintiff filed a motion for default judgment based on Defendant's failure to appear through counsel as directed by the Court. (Dkt. 89). On May 6, 2019, the Court issued a Decision and Order, granting Plaintiff's motion for a default judgment, and directing the Clerk of Court to enter judgment in favor of Plaintiff and to close the case. (Dkt. 92). The Clerk of Court entered default judgment in favor of Plaintiff on May 7, 2019 (Dkt. 93), and the case was terminated on May 8, 2019. On the same day the case was closed, Plaintiff filed a motion to alter the judgment. (Dkt. 94). Plaintiff requests that the Court delete the language in its May 6, 2019, Decision and Order directing the Clerk of Court to close the case. (Dkt. 94-1 at 1). Plaintiff seeks this relief because it intends to pursue post-judgment discovery and will likely need the Court's assistance in obtaining the discovery it seeks pursuant to the Federal Rules of Civil Procedure. (Id. ).
The Court interprets Plaintiff's application as a motion to reopen the case to seek post-judgment discovery. For the following reasons, Plaintiff's motion (Dkt. 94) is denied because the case need not be reopened in order for Plaintiff to seek post-judgment discovery.
DISCUSSION
I. Legal Standard
"Post-judgment discovery is governed by Federal Rule of Civil Procedure 69...." EM Ltd. v. Republic of Argentina , 695 F.3d 201, 207 (2d Cir. 2012), aff'd sub nom. Republic of Argentina v. NML Capital, Ltd. , 573 U.S. 134, 134 S.Ct. 2250, 189 L.Ed.2d 234 (2014). Rule 69(a)(2) provides that "[i]n aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person-including the judgment debtor-as provided in these rules or by the procedure of the state where the court is located." "The scope of discovery under Rule 69(a)(2) is constrained principally in that it must be calculated to assist in collecting on a judgment." EM Ltd. , 695 F.3d at 207. "The *220 purpose of discovery under Rule 69(a)(2) is to allow the judgment creditor to identify assets from which the judgment may be satisfied and consequently, the judgment creditor should be permitted to conduct a broad inquiry to uncover any hidden or concealed assets of the judgment debtor." Iron Workers Dist. Council of W. N.Y. & Vicinity Pension Fund v. D.C. Scott, Inc. , No. 10-CV-6373, 2013 WL 1004215, at *2 (W.D.N.Y. Mar. 13, 2013) (quoting T-M Vacuum Prod., Inc. v. Taisc, Inc. , No. CIV.A. H-07-4108, 2008 WL 5082413, at *2 (S.D. Tex. Nov. 25, 2008) ).
Plaintiff has moved to alter or amend the Judgment in order to reopen this case. (Dkt. 94). Plaintiff argues "it has reason to believe that it will need the Court's assistance in compelling post-judgment discovery," and for this reason requires the case to remain open. (Dkt. 94-1 at 1). "After entering a judgment, a district court retains ancillary jurisdiction to ensure the judgment's execution." Peach REO, LLC v. Rice , No. 12-02752, 2016 WL 11529067, at *1 (W.D. Tenn. Sept. 15, 2016). Indeed, "nothing in the Federal Rules of Civil Procedure require the Court to reopen the case before it may address post-judgment discovery motions." Hardy Indus. Techs., LLC v. BJB LLC , No. 1:12 CV 3097, 2017 WL 4408195, at *2 (N.D. Ohio Oct. 4, 2017) ; see Smith v. Mallick , No. CIV.A. 96CV2211NHJPJ, 2005 WL 3555827, at *2 (D.D.C. Dec. 29, 2005) ("There is no indication in Rule 69 that a case must be reopened before post-judgment discovery can be sought or before the party seeking such discovery can move the court for assistance."). This observation comports with the principle "that the jurisdiction of a court is not exhausted by the rendition of the judgment, but continues until that judgment shall be satisfied." Riggs v. Johnson County , 73 U.S. 166, 187, 6 Wall. 166, 18 L.Ed. 768 (1867) ; see Williams v. Murphy , No. 3:13-CV-01154 (MPS), 2018 WL 3105109, at *2 (D. Conn. June 25, 2018) (recognizing that a court has the " 'inherent authority to enforce its judgment,' which includes 'the power to determine whether the judgment has been satisfied.' " (citations omitted)); Jarvis v. Comm'r of Soc. Sec. , No. 1:07-CV-450, 2008 WL 2757608, at *5 n.7 (W.D. Mich. July 11, 2008) (noting that "it appears that this court would retain jurisdiction [over a post-judgment attorneys' fee dispute] to determine whether its judgment had been satisfied").
Put simply, the fact that a case has been closed or terminated is "not an obstacle to postjudgment discovery." United States v. Chazen , No. 3:08-CV-2314 FLW DEA, 2019 WL 113722, at *2 (D.N.J. Jan. 4, 2019).
[A] judgment is defined as "a court's final determination of the rights of the parties in a case," while a judgment creditor is defined as "[a] person having a legal right to enforce execution of a judgment for a specific sum of money." It is axiomatic, therefore, that a person can not [sic] be a judgment creditor without there being a judgment. And upon the entry of a judgment, a case will be considered on the docket to be closed and/or settled.
Id. (citation omitted); see also Peach REO, LLC , 2016 WL 11529067, at *2 ("After entry of judgment, Peach REO is a judgment creditor and [the d]efendants are judgment debtors. Plaintiff may obtain discovery from [the d]efendants to the extent Federal Rule of Civil Procedure 69(a)(2) allows, and the Court need not 'reopen' the case for Peach REO to do so." (footnote omitted) (citations omitted)).
*221 In reaching this conclusion, the Court does not opine upon whether post-judgment discovery is appropriate or, assuming arguendo that it is, what the proper scope of any such discovery might be in this case. In other words, any future discovery disputes will be decided as they arise. However, the fact that this action was closed after Judgment was entered pursuant to the Court's May 6, 2019, Decision and Order does not impede Plaintiff from seeking relief from this Court in connection with post-judgment discovery. See Iron Workers Dist. Council of W. N.Y. & Vicinity Pension Fund , 2013 WL 1004215, at *2 (granting the plaintiffs' motion to compel seeking post-judgment discovery after the case was closed); British Int'l Ins. Co. v. Seguros La Republica, S.A. , No. 90 CIV. 2370(JFK)(FM), 2001 WL 958975, at *3 (S.D.N.Y. Aug. 22, 2001) ("[B]ecause the Court had entered a final judgment with respect to all of the parties' claims, [the plaintiff] was entitled to obtain discovery in aid of execution pursuant to Rule 69 of the Federal Rules of Civil Procedure.").
CONCLUSION
For the foregoing reasons, Plaintiff's motion to alter the Judgment (Dkt. 94) is denied.
SO ORDERED.